# COMPLAINT

## (for non-prisoner filers without lawyers)

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED
2026 MAR -6 P 3:08
CLERK OF COURT

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

(Full name of plaintiff(s))

Dennis W. Gaynor Jr.

v.

(Full name of defendant(s))

Milwaukee Scholars Charter School

National Heritage Academies, Inc.

Case Number:

**26-C -368**

(to be supplied by Clerk of Court)

A. PARTIES

1. Plaintiff is a citizen of __Wisconsin__ and resides at
   (State)

   __7221 W. Brentwood Ave, Milwaukee, WI 53223__
   (Address)

   (If more than one plaintiff is filing, use another piece of paper.) → Please see attachment

2. Defendant __Milwaukee Scholars Charter School__
   (Name)

Complaint – 1

is (if a person or private corporation) a citizen of _Wisconsin_
(State, if known)

and (if a person) resides at _700 W. Florist Ave, Milwaukee, WI 53218_
(Address, if known)

and (if the defendant harmed you while doing the defendant's job)

worked for _National Heritage Academies, Inc._
_4800 Broadmoor Ave. SE_ (Employer's name and address, if known)
_Grand Rapids, MI 49512_

(If you need to list more defendants, use another piece of paper.)

B.   STATEMENT OF CLAIM

On the space provided on the following pages, tell:
1.   Who violated your rights;
2.   What each defendant did;
3.   When they did it;
4.   Where it happened; and
5.   Why they did it, if you know.

_"Please see attachment"_

Case 2:26-cv-00368-JPS    Filed 03/06/26    Page 2 of 9    Document 1

## COMPLAINT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Dennis W. Gaynor Jr.,

Plaintiff,

v.

Milwaukee Scholars Charter School;
National Heritage Academies, Inc.,

Defendants.

Case No. _____

## I. JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. §1331 because this action arises under federal law.

2. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., for race discrimination and retaliation.

3. Plaintiff exhausted administrative remedies by filing a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and received a Notice of Right to Sue.

## II. PARTIES

4. Plaintiff Dennis W. Gaynor Jr. is an African American male and a citizen of Wisconsin.

5. At all relevant times, Plaintiff was employed by Defendants as a paid seasonal basketball coach and received a stipend for his coaching duties.

6. Defendant Milwaukee Scholars Charter School operates in Milwaukee, Wisconsin.

7. Defendant National Heritage Academies, Inc. is headquartered in Michigan and exercises operational control over Milwaukee Scholars Charter School.

8. At all relevant times, Defendants acted through their administrators, agents, and employees.

## III. STATEMENT OF FACTS

9. Plaintiff served as an unpaid Board President and a paid basketball coach during the 2023–2024 and 2024–2025 school years.

10. Plaintiff's paid coaching position constituted employment under Title VII.

11. On February 15, 2025, Plaintiff was involved in a public basketball game incident during a Milwaukee Recreation league game governed by Milwaukee Public Schools athletic policies. At the time of the incident, Plaintiff was serving as head coach of the opposing school's team competing against Milwaukee Scholars Charter School.

12. On February 16, 2025, Plaintiff sent a written communication to Defendants stating that he believed he was being treated differently because he is a Black leader and that white counterparts were treated more favorably.

13. In that communication, Plaintiff specifically referenced racial undertones, disparities in treatment, and differential interaction compared to white colleagues.

14. Plaintiff opposed what he reasonably believed to be race-based disparate treatment in violation of Title VII.

15. On or about February 18, 2025—within days of Plaintiff's race-based opposition—Defendants revoked Plaintiff's building access, deactivated his keycard, removed him from coaching duties, and excluded him from school activities pending investigation.

16. These actions prevented Plaintiff from performing his paid coaching responsibilities.

17. Plaintiff had not been subjected to prior discipline in his coaching role before raising race-based concerns.

18. Upon information and belief, similarly situated non-Black employees accused of serious misconduct were not subjected to immediate building access revocation or comparable restrictions and were permitted to resign quietly or receive severance packages.

19. The temporal proximity between Plaintiff's protected activity on February 16, 2025, and the materially adverse employment actions imposed on February 18, 2025, supports a causal connection.

20. As a result of Defendants' actions, Plaintiff suffered loss of income, emotional distress, and reputational harm.

## IV. COUNT I – RACE DISCRIMINATION (TITLE VII)

21. Plaintiff incorporates paragraphs 1–20.

22. Plaintiff is a member of a protected class.

23. Plaintiff suffered materially adverse employment actions.

24. Similarly situated non-Black employees were treated more favorably under comparable circumstances.

25. Defendants' conduct constitutes unlawful race discrimination in violation of Title VII.

## V. COUNT II – RETALIATION (TITLE VII)

26. Plaintiff incorporates paragraphs 1–25.

27. Plaintiff engaged in protected activity by opposing race-based disparate treatment on February 16, 2025.

28. Defendants took materially adverse employment action against Plaintiff shortly thereafter.

29. A causal connection exists between Plaintiff's protected activity and Defendants' actions.

30. Defendants retaliated against Plaintiff in violation of Title VII.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award compensatory damages for lost income, emotional distress and reputational harm;

B. Award punitive damages sufficient to deter similar unlawful conduct;

C. Issue declaratory relief that Defendants violated Plaintiff's rights under Title VII;

D. Grant injunctive relief prohibiting further retaliation or discrimination;

E. Award costs and reasonable attorney's fees pursuant to applicable federal law;

F. Grant such other relief as the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Dennis W. Gaynor Jr.
Date: March 2, 2026

A. PARTIES

1. Plaintiff is a citizen of ___Wisconsin___ and resides at
   (State)

   ___7221 W. Brentwood Ave, Milwaukee, WI 53223___
   (Address)

2. Defendant
   ___National Heritage Academies, Inc.___
   (Name)

   is (if a person or private corporation) a citizen of ___Michigan___
   (State, if known)

   and (if a person) resides at ___4800 Broadmoor Ave. SE Grand Rapids, MI 49512___
   (Address, if known)

   and (if the defendant harmed you while doing the defendant's job)

   worked for ___National Heritage Academies, Inc.___
   (Employer's name and address, if known) 4800 Broadmoor Ave. SE
                                           Grand Rapids, MI 49512

## C. JURISDICTION

☑ I am suing for a violation of federal law under 28 U.S.C. § 1331.

OR

☐ I am suing under state law. The state citizenship of the plaintiff(s) is (are) different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $ _____.

## D. RELIEF WANTED

Describe what you want the Court to do if you win your lawsuit. Examples may include an award of money or an order telling defendants to do something or to stop doing something.

1. Plaintiff requests the following relief: compensatory damages for lost income, lost earning capacity, emotional distress, reputational harm, and other damages caused by Defendants' unlawful conduct;

2. Punitive damages sufficient to deter Defendants and others from engaging in similar unlawful conduct;

3. Declaratory relief stating that Defendants violated Plaintiff's federal civil rights under Title VII of the Civil Rights Act of 1964;

4. Injunctive relief prohibiting further retaliation and ~~discrimination~~ discriminatory conduct;

5. Costs of this action and any other relief the Court deems just and proper.

6. An award of reasonable attorney's fees, cost of this action, filing fees, and ~~complaint - 4~~ any other expenses incurred Pursuant to applicable federal law.

E.    JURY DEMAND

I want a jury to hear my case.

☑ – YES          ☐ – NO

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this __2nd__ day of __March__ 20 _26_.

Respectfully Submitted,

_____
Signature of Plaintiff

__414- 458-3019__
Plaintiff's Telephone Number

__dgaynor.dgj@gmail.com__
Plaintiff's Email Address

__7221 W. Brentwood Ave__

__Milwaukee, WI 53223__
(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper.)

## REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

☑    I DO request that I be allowed to file this complaint without paying the filing fee. I have completed a Request to Proceed in District Court without Prepaying the Filing Fee form and have attached it to the complaint.

☐    I DO NOT request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.

Complaint – 5