**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| DENNIS W. GAYNOR, JR., | |
| Plaintiff, | |
| v. | Case No. 26-CV-368-JPS |
| MILWAUKEE SCHOLARS CHARTER SCHOOL and NATIONAL HERITAGE ACADEMIES, INC., | **ORDER** |
| Defendants. | |

## 1.    INTRODUCTION

In March 2026, Plaintiff Dennis W. Gaynor, Jr. ("Plaintiff"), proceeding pro se, sued his former employers, Defendants Milwaukee Scholars Charter School and National Heritage Academies, Inc. (collectively, "Defendants"), for race-based disparate treatment he experienced in February 2025 following a "public basketball game incident." ECF No. 1 at 4. In May 2026, following this Court's screening order, ECF No. 4, he filed an amended complaint to address certain deficiencies that the Court noted, ECF No. 5.

This Order screens Plaintiff's amended complaint, finding that Plaintiff has failed to remedy the pleading issues that the Court earlier identified with respect to his Title VII race discrimination claim. That claim will be dismissed with prejudice accordingly. However, Plaintiff may proceed as to his Title VII retaliation claim.

## 2. SCREENING THE AMENDED COMPLAINT

### 2.1 Legal Standard

Notwithstanding the payment of any filing fee, the Court may screen a complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service . . . ."); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants . . . regardless of fee status."). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke*, 490 U.S. at 325); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This rule "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States, ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

The complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

### 2.2    Plaintiff's Factual Allegations

During the school years interceding 2023 and 2025, Plaintiff served as a board member and Board President and a paid basketball coach for Defendants.[1] ECF No. 5 at 1. On February 15, 2025, Plaintiff was involved in an incident during a Milwaukee Recreation league game, in which "Milwaukee Scholars Charter School[] voluntarily participated." *Id*. at 2. Although Plaintiff served as a basketball coach for Milwaukee Scholars Charter School during the season, he was "separately coach[ing]" the opposing elementary school team at the time of the incident. *Id*. at 1–2. During the game, the Milwaukee Scholars Charter school coach "engaged

---

[1]According to Plaintiff, "National Heritage Academic, Inc. exercised operational control over Milwaukee Scholars Charter School and its personnel." ECF No. 5 at 1.

him "in an aggressive and hostile" manner "in the presence of students, families, and school leadership." *Id*. at 2. Plaintiff alleges school administrators were in attendance but did not intervene. *Id*.

Following the game, Plaintiff "initiated concerns regarding the conduct that occurred during the game and later formally expressed concerns regarding disparate treatment and unequal treatment compared to [his] non-Black counterparts." *Id*. On February 16, 2025, he "formally escalated his complaints regarding disparate treatment, racial undertones, and unequal treatment within Defendants' handling of the matter." *Id*. Within days of his escalation of the matter, Defendants "revoked [his] building access, deactivated his credentials, removed him from coaching duties, and excluded him from school-related activities." *Id*. at 2–3. Plaintiff goes on to allege that there were "similarly situated non-Black employees accused of more serious misconduct" who "were not subjected to immediate removal, building access revocation, or comparable restrictions" and purports to provide at least two such examples. *Id*. at 2–3.

### 2.3    Law and Analysis

The Court will evaluate his claims for disparate treatment and retaliation as laid out in his amended complaint; notably, both claims proceed under Title VII of the Civil Rights Act of 1964 ("Title VII"). It will analyze each potential claim separately. *Gaines v. K-Five Constr. Corp*., 742 F.3d 256, 261 (7th Cir. 2014) ("Normally, discrimination and retaliation claims are analyzed separately.").

#### 2.3.1   Title VII Discrimination

Generally, a Title VII discrimination claim requires a showing that the plaintiff is a "member of a class protected by the statute." *Abrego v.*

*Wilkie*, 907 F.3d 1004, 1012 (7th Cir. 2018) (quoting *Morgan v. SVT, LLC*, 724 F.3d 990, 995 (7th Cir. 2013)); *see also* 42 U.S.C. § 2000e-2(a) (listing race as one such protected class). A Title VII disparate treatment claim specifically requires pleading "a materially adverse change in the terms and conditions of employment [that is] more disruptive than a mere inconvenience or an alteration of job responsibilities," which "was motivated by intentional discrimination." *Alamo v. Bliss*, 864 F.3d 541, 552 (7th Cir. 2017) (first quoting *Stockett v. Muncie Ind. Transit Sys.*, 221 F.3d 997, 1001 (7th Cir. 2000) then citing *Ernst v. City of Chicago*, 837 F.3d 788, 794 (7th Cir. 2016)). A materially adverse change for purposes of such a claim may include "termination of employment." *De la Rama v. Ill. Dep't of Hum. Servs.*, 541 F.3d 681, 685 (7th Cir. 2008) (quoting *Oest v. Ill. Dep't of Corr.*, 240 F.3d 605, 612–13 (7th Cir. 2001)).

However, the screening standard in employment discrimination cases, and in civil cases generally, is lenient for pro se plaintiffs: "a plaintiff need only allege enough facts to allow for a *plausible* inference that the adverse action suffered was connected to h[is] protected characteristics." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) (citing *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021) and *Tamayo*, 526 F.3d at 1084). That said, a plaintiff "still must provide more than 'mere labels and conclusions or a formulaic recitation of the elements of a cause of action' for h[is] complaint to be considered adequate." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678).

Here, Plaintiff alleges that he is Black, a protected group under the statute, and that he was terminated from his coaching position, which is a material adverse action. However, Plaintiff's amended complaint leaves no plausible inference that the adverse action occurred because of his race. His

description of the incident is carefully limited, alleging only that Milwaukee Scholars Charter School coach "engaged" him "in an aggressive and hostile" manner, which by itself, does not imply intentional discrimination on the part of Milwaukee Scholars Charter School. *Cf. Shed v. Fraternal Enters. LP*, No. 21-cv-5523, 2023 WL 3074876, at *5 (N.D. Ill. Apr. 25, 2023) (noting that the plaintiff's "complaint alleges that certain [d]efendants used expletives, but there is no allegation of a *racial* expletive"). Plaintiff's "own speculation cannot give rise to a plausible inference of discrimination." *Robinson v. Pyramax Bank*, No. 10–C–0531, 2010 WL 2680090, at *2 (E.D. Wis. July 2, 2020) (citing *Springer v. Durflinger*, 518 F.3d 479, 484–85 (7th Cir. 2008)). His claim does not become plausible merely by his "tack[ing]" on the phrase "because of race." *Williams v. State Farm Mut. Auto. Ins. Co.*, 609 F. Supp. 3d 662, 681 (N.D. Ill. 2022).

Plaintiff was already instructed that he needed to plead "further details regarding the precise nature of the different treatment or discriminatory act(s) underpinning his disparate treatment claim." ECF No. 4 at 7. His amended complaint fails to correct this deficiency. As such, this claim will be dismissed with prejudice for failure to state a claim. *Lane v. Milwaukee Cnty. Dep't of Soc. Servs. Children & Fam. Servs. Div.*, No. 10–CV–297, 2010 WL 4386662, at *2 (E.D. Wis. Oct. 28, 2010) ("Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible on its face.'" (quoting *Iqbal*, 556 U.S. 662 at 663).

### 2.3.2 Retaliation

With respect to retaliation, a Title VII plaintiff "must plead that she engaged in a statutorily protected activity and was subjected to materially adverse actions as a result of that activity." *Hatcher v. Bd. of Trs. of S. Ill.*

*Univ.,* 829 F.3d 531, 536 (7th Cir. 2016) (citing *Burlington N. and Santa Fe Ry. v. White*, 548 U.S. 53, 57 (2006)). Opposing or complaining about perceived discrimination believed to be in violation of Title VII is a statutorily protected activity. *Miller v. Am. Fam. Mut. Ins. Co.,* 203 F.3d 997, 1007 (7th Cir. 2000) ("Title VII protects persons . . . from retaliation for complaining about the types of discrimination it prohibits." (citing *Dey v. Colt Constr. Dev. Co.,* 28 F.3d 1446, 1457 (7th Cir. 1994))).

Here, although Plaintiff fails to state a discrimination claim, *see supra* Section 2.3.1, the Court will allow Plaintiff to proceed on his retaliation claim. Plaintiff's allegation that, following the game, he "later formally expressed concerns regarding disparate treatment and unequal treatment compared to [his] non-Black counterparts" is sufficient for screening purposes to demonstrate protected conduct.[2] *O'Leary v. Accretive Health, Inc.,* 657 F.3d 625, 631 (7th Cir. 2011) ("The plaintiff need not show that the practice he opposed was in fact a violation of the statute; he may be mistaken in that regard and still claim the protection of the statute.") (citing *Pickett v. Sheridan Health Care Ctr.,* 610 F.3d 434, 441 (7th Cir. 2010)); *Hayes v. Delfin Grp. USA, LLC,* No. 2:13-3013-PMD, 2014 WL 5488414, at *6 (D.S.C. Oct. 29, 2014) ("Plaintiff alleges in her [a]mended [c]omplaint that she

---

[2]Based on Plaintiff's enigmatic allegations regarding the underlying incident and subsequent reporting, the Court is skeptical whether his reporting was "based on a good-faith and reasonable belief that he [wa]s opposing unlawful conduct." *O'Leary v. Accretive Health, Inc.,* 657 F.3d 625, 631 (7th Cir. 2011) (citing *Hatmaker v. Mem'l Med. Ctr.,* 619 F.3d 741, 747 (7th Cir. 2010), *cert. denied,* 562 U.S. 1270 (2011)). "If he d[id] not honestly believe [that] he [wa]s opposing a practice prohibited by the statute, . . . or if his belief [wa]s objectively unreasonable . . . his opposition is not protected by the statute." *Id.* (first citing *Hatmaker,* 619 F.3d at 747–48 then citing *Lang v. Nw. Univ.,* 472 F.3d 493, 495 (7th Cir. 2006)). However, the Court will allow Plaintiff's retaliation claim to proceed and will invite Defendants to raise this issue if they so choose.

complained to her supervisor that she was being discriminated against because she was dating an Armenian, which (whether true or not) is protected conduct." (collecting cases)). And, of course, his subsequent termination is an adverse action. Finally, Plaintiff claims that he was terminated because he engaged in this protected conduct, thereby alleging the necessary legal nexus. Accordingly, Plaintiff has stated sufficient allegations for his retaliation claim to survive screening.

### 3. CONCLUSION

Because Plaintiff has already had a chance to amend to correct the deficiencies in his discrimination claim, Plaintiff's discrimination claim must be dismissed for failure to state a claim; this dismissal operates with prejudice. *Smith v. City of Milwaukee Police Dep't*, No. 09-C-603, 2010 WL 1404351, at *1 (E.D. Wis. Apr. 2, 2010) (citing *Kamelgard v. Macura*, 585 F.3d 334, 339 (7th Cir. 2009)). However, he may proceed on his retaliation claim. Plaintiff's next step in this matter is to serve his amended complaint together with a summons on Defendants. *See generally* FED. R. CIV. PRO. 4. Plaintiff may either request service on Defendants by the U.S. Marshals or obtain service on Defendants on his own, using one of the methods described in Federal Rule of Civil Procedure 4(d)–(e).

If Plaintiff chooses to obtain service on Defendants on his own, he should simultaneously file a request for the Clerk of the Court to issue service packets to him. There is no cost for the Clerk of Court to issue service packets to Plaintiff. If Plaintiff hires a process server to serve Defendants, he will be responsible for that cost.

Alternatively, "at the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." FED. R. CIV. P. 4(c)(3). Congress

requires the U.S. Marshals Service to charge a fee for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for service by mail is $8.00 per item mailed; for process served personally by the U.S. Marshals Service, the fee is $65.00 per hour. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Congress has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service.

Plaintiff must file a notice on or before **July 14, 2026**, indicating whether he will obtain service on Defendants on his own or if he desires service by the U.S. Marshals Service.

Accordingly,

**IT IS ORDERED** that Plaintiff Dennis Gaynor's Title VII race discrimination claim be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that Plaintiff Dennis Gaynor shall file, on or before **July 14, 2026**, a notice indicating which method of service he desires. Failure to timely file such notice will lead to dismissal of this action.

Dated at Milwaukee, Wisconsin, this 23rd day of June, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

Plaintiff will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.