# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DENNIS W. GAYNOR, JR.,

Plaintiff,

v.

MILWAUKEE SCHOLARS CHARTER SCHOOL and NATIONAL HERITAGE ACADEMIES, INC.,

Defendants.

Case No. 26-CV-368-JPS

**ORDER**

On September 11, 2026, the parties filed a stipulation for an agreed protective order. ECF No. 23. While the parties broadly identify the kinds of information to be protected, they do not provide any basis as to why the Court should adopt the order. *Id.*

Federal Rule of Civil Procedure Rule 26(c) allows for an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" including "requiring that a trade secret or other confidential research, development, or commercial information . . . be revealed only in a specified way." FED. R. CIV. P. 26(c)(1)(G); *see also* CIV. L.R. 26(e). Protective orders are an exception to the general rule that pretrial discovery must occur in the public eye. *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Litigation must be "conducted in public to the maximum extent consistent with respecting trade secrets . . . and other facts that should be held in confidence." *Hicklin Eng'r, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) (collecting cases).

Nonetheless, the Court can enter a protective order if the parties have shown good cause and that the order is narrowly tailored to serve that cause. FED. R. CIV. P. 26(c); *Citizens First*, 178 F.3d at 945; *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (even when parties agree to the entry of a protective order, they still must demonstrate the existence of good cause).

The Court will not adopt the parties' stipulation at this juncture because the parties have provided insufficient information for the Court to determine if good cause exists for a protective order. *See* CIV. L.R. 26(e)(1) ("All motions and stipulations requesting a protective order must contain sufficient facts demonstrating good cause."). If the parties choose to file a renewed motion for a protective order, they must provide the categories of information they expect to be treated as confidential under the anticipated order and describe the good cause for such treatment. *Id.* The Court further directs the parties' attention to the Eastern District of Wisconsin's protective order template, attached as an appendix to the Local Rules. It may be prudent to start any drafting from this template for a renewed motion.

Accordingly,

The Court **DECLINES to adopt** the parties' stipulated protective order, ECF No. 23.

Dated at Milwaukee, Wisconsin, this 23rd day of September, 2026.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge